# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: A.A.

No. 16-0358 (Raleigh County 15-JA-28-B)

**FILED**

**September 6, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father J.A., by counsel Marcia L. Hebb, appeals the Circuit Court of Raleigh County's March 14, 2016, order terminating his parental rights to four-year-old A.A.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Vickie L. Hylton, filed a response on behalf of the child also in support of the circuit court's order. On appeal, petitioner argues that the circuit court failed to consider principles of "fairness" before terminating his parental rights.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2015 the DHHR filed a petition for abuse and neglect against A.A.'s parents. The DHHR alleged that A.A.'s mother, C.W., was a party to a prior abuse and neglect proceeding in 2009 and that A.A. "was a drug exposed infant."[3] While the DHHR alleged that

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

[3]C.W. regained custody of this older child, but C.W. ultimately voluntarily relinquished her parental rights to this child in 2010. However, the record does not show that petitioner was the father of this older child or whether any parental, custodial, or guardianship rights were terminated as to J.A.

1

petitioner was arrested for selling drugs in the presence of this other child, this conduct took place approximately three years before A.A. was born. The DHHR also alleged that C.W. abandoned A.A. in that she left the child in another person's care on January 8, 2015, for an extended period of time. The DHHR did not make any specific allegations of abuse or neglect against petitioner. In July of 2015, C.W. stipulated that she abandoned A.A. Thereafter, the DHHR filed an amended petition for abuse and neglect against petitioner alleging that he abandoned his child by not providing financial and emotional support.[4]

In November of 2015, the circuit court held an adjudicatory hearing during which it heard unrebutted proffers that petitioner was currently in federal custody and has failed to maintain appropriate contact with A.A. By order entered on January 12, 2016, the circuit court found that petitioner abandoned A.A. by failing to provide emotional, financial, or other support since his birth.[5] The following month, the circuit court held a dispositional hearing during which the circuit court heard proffers from counsel that petitioner failed to have any contact with A.A. since he was placed in foster care, was only present in A.A.'s life for approximately four months, failed to bond with A.A., and the foster family is the only family that A.A. has ever known. The circuit court also appropriately considered A.A.'s right to permanency and the fact that petitioner was currently serving a federal prison sentence for third-offense drug trafficking. Based upon counsel's proffers, the circuit court found that petitioner abandoned his child based "upon his lack of conduct and contact[.]" Consequently, the circuit court terminated petitioner's parental rights to A.A. This appeal followed.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

---

[4]According to the appendix record, petitioner was arrested on May 16, 2012, by federal authorities for charges that originated in 2009. Thereafter, petitioner pled guilty to possession with the intent to deliver crack cocaine and was sentenced to seventy months of incarceration. Petitioner received good-time credit, was placed in a halfway house, and was released in July of 2016.

[5]C.W. voluntarily relinquished her custodial and guardianship rights to A.A. during the adjudicatory hearing.

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). On appeal, petitioner argues that the circuit court failed to consider principles of "fairness" before terminating his parental rights. Specifically, petitioner contends that he should have been afforded a similar disposition to C.W. because she was more culpable during the underlying proceedings and has a history of prior abuse and neglect proceedings. We disagree. To begin, petitioner does not cite to a single case in support of his argument the he should have been treated similarly to C.W. This is in direct contradiction to this Court's Rules of Appellate Procedure and specific directions issued by administrative order.

Specifically, Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that

> [t]he brief must contain an argument exhibiting clearly the points of fact *and law* presented, the standard of review applicable*, and citing the authorities relied on . . .* [and] must contain appropriate and specific citations to the record on appeal[.] The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

(emphasis added). Additionally, in an Administrative Order entered December 10, 2012, *Re: Filings That Do Not Comply With the Rules of Appellate Procedure*, Chief Justice Menis E. Ketchum specifically noted in paragraph two that "[b]riefs that lack citation of authority [or] fail to structure an argument applying applicable law" are not in compliance with this Court's rules. Further, "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented and do not 'contain appropriate and specific citations to the record on appeal . . .' as required by rule 10(c)(7)" are not in compliance with this Court's rules.

Here, petitioner's brief is wholly inadequate. While it appropriately cites to the applicable standard of review on appeal, it lacks citation to any other relevant legal authority in support of his argument. Thus, petitioner's assignment of error was not properly developed on appeal. Nonetheless, this Court has reviewed the record in this matter and determined that the circuit court committed no error. To begin, petitioner had the opportunity to voluntarily relinquish his custodial and guardianship rights just as C.W. did, but, instead, he chose to contest his disposition. Furthermore, while petitioner asserts that the circuit court failed to incorporate principles of "fairness" before terminating his parental rights, petitioner failed to recognize this Court's long-standing principle in dealing with child custody. We have explained that

> "[a] parent has the natural right to the custody of his or her infant child and, unless the parent is an unfit person because of misconduct, neglect, immorality, abandonment or other dereliction of duty, or has waived such right, or by agreement or otherwise has transferred, relinquished or surrendered such custody, the right of the parent to the custody of his or her infant child will be recognized and enforced by the courts." Syl. Pt. [sic] *Whiteman v. Robinson*, 145 W.Va. 685, 116 S.E.2d 691 (1960).

Syl. Pt. 1, *Honaker v. Burnside*, 182 W.Va. 448, 388 S.E.2d 322 (1989). Moreover, the guiding principle in all matters concerning child custody is the best interests of the child. "'Although

parents have substantial rights that must be protected, the primary goal in cases involving abuse and neglect, as in all family law matters, must be the health and welfare of the children.' Syl. Pt. 3, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996)." Syl. Pt. 2, *In re Timber M.*, 231 W .Va. 44, 743 S.E.2d 352 (2013); "[t]he best interests of the child[ren] is the polar star by which decisions must be made which affect children." *Michael K.T. v. Tina L.T.*, 182 W.Va. 399, 405, 387 S.E.2d 866, 872 (1989) (internal citations omitted).

Upon our review of the record on appeal, the Court finds no error in the circuit court's order terminating petitioner's parental rights. The evidence before the circuit court established that petitioner abandoned his child. Importantly, petitioner does not challenge the circuit court's termination of his parental rights on these grounds. *See In re Christina L.*, 194 W.Va. 446, 456, 460 S.E.2d 692, 702 (1995) (stating that abandonment of a child by a parent constitutes grounds for termination of parental rights.) Additionally, according to the guardian, the foster family is the only family that A.A. has known and A.A. deserves permanency. Based on the facts of this case, we find no error.

For the foregoing reasons, we find no error in the circuit court's March 14, 2016, order, and we hereby affirm the same.

Affirmed.

**ISSUED**: September 6, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II